RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/12/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEAN YVES JEAN JACQUES,<br>    Petitioner | CIVIL ACTION<br>NO. 1:12-cv-02859 |
| VERSUS | |
| DAVID COLE,<br>    Respondent | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 on November 6, 2012 by petitioner Jean Yves Jean Jacques ("Jacques"). Jacques is being detained by the Bureau of Immigration and Customs Enforcement ("ICE").

Jacques' petition was stricken for failure to pay the filing fee or submit an application to proceed in forma pauperis (Docs. 3, 7). Also, Jacques' mail from the court was returned twice, on November 27, 2012 and January 22, 2013, marked "Return to Sender-No Longer Here" (Docs. 5, 8).

Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days.

Jacques failed to inform the court of his address change

within 30 days after his mail was returned to the Clerk of Court, and has made no inquiry about this case, nor attempted in any way to further prosecute the case. Moreover, Jacques' petition was stricken for failure to comply with an order of this court. Therefore,

IT IS RECOMMENDED that Jacques' case be dismissed without prejudice for failure to prosecute pursuant to LR41.3W and Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Co.</u>, 669 F.2d 317, 320-21 (5th Cir. 1982).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of March 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE